IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN SCOTT MORRIS, § | | |
|    Plaintiff, § | | |
| § | | |
| v. § | Case No, 3:19-cv-2377-N (BT) | |
| § | | |
| UNITED STATES CODE SERVICE § | | |
| TITLE 18 SECTION 2251(A), et al., § | | |
|    Defendants. § | | |

**AMENDED FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

  Plaintiff Kevin Scott Morris, a federal prisoner, filed this *pro se* civil action asserting claims under *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971), and 42 U.S.C. § 1983 against Attorney General William Barr, the United States Attorney and Assistant United States Attorneys, unknown FBI Agents, known and unknown Deputies of the Kaufman County Sheriff's Department, Title 18 U.S.C. § 2251(a), and Texas Penal Code § 21.11. The Court has screened Morris's complaint and now recommends that his claims be DISMISSED.

I.

  Morris was indicted in the Northern District of Texas on several charges, including: (1) enticement of a minor in violation of 18 U.S.C. § 2422(b); (2) production of child pornography in violation of 18 U.S.C. § 2251(a) and (e); and (3) possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). *United States v. Morris*, No. 3:16-cr-511-K (BT) (N.D. Tex.). On December 12, 2017, Morris pleaded guilty to enticement of a minor, and the government

dismissed the remaining two counts. On April 4, 2018, the district court sentenced Morris to 480 months in prison. He did not file a direct appeal, but he did file a motion to vacate, set-aside, or correct his sentence under 28 U.S.C. § 2255. *Morris v. United States*, No. 3:19-cv-00971-K (N.D. Tex.).

In his complaint (ECF No. 3) and a later-filed brief (ECF No. 5), Morris argues: (1) Title 18 U.S.C. § 2251(a) is unconstitutional because production of child pornography is a "charge that doesn't exist" and because the statute exceeds the reach of the commerce clause; (2) Defendant Barr, the United States Attorney, and the Assistant United States Attorneys knew or had reason to know that § 2251(a) was unconstitutional; (3) FBI agents had no authority to investigate the production of child pornography; (4) Texas Penal Code § 21.11 is preempted by federal law; and (5) known and unknown Kaufman County Sheriff Deputies knew or had reason to know that § 21.11 was preempted. In addition to money damages, Morris seeks declaratory and injunctive relief, including: (1) a declaration that 18 U.S.C. § 2251(a) is unconstitutional; (2) a declaration that it was unconstitutional to apply Texas Penal Code § 21.11 against him because it is preempted by federal law; (3) a declaration that all prior applications of these statutes against him are void; and (4) an injunction prohibiting Defendants from applying 18 U.S.C. § 2251(a) and Texas Penal Code § 21.11 against him.

## II.

Morris's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a) and (b).

III.

**A.     Statutes**

Morris names 18 U.S.C. § 2251(a) and Texas Penal Code § 21.11 as defendants in his lawsuit. A statute, however, is not a proper party under *Bivens* or § 1983. A *Bivens* action provides a remedy for victims of constitutional violations by government officials in their individual capacities. *See Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999); *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994). Likewise, § 1983 applies to a "person" acting under state law. *See* 42 U.S.C. § 1983. The Court should dismiss Morris's claims against 18 U.S.C. § 2251(a) and Texas Penal Code § 21.11.

**B.     Indecency with a Child under Texas Penal Code § 21.11**

In addition to his federal conviction, Morris has a state conviction out of Kaufman County, Texas for indecency with a child by contact, in violation of Tex. Penal Code § 21.11. *State of Texas v. Morris*, No. 16-10631-CC2-F (County Ct. No. 2, Kaufman County, Texas, Sept. 17, 2018). Morris argues that federal law

3

preempts § 21.11, and therefore his state conviction should be enjoined, all state action against him related to any violation of § 21.11 should be nullified and expunged, and he should be awarded money damages against the Kaufman County Defendants.

Morris's claims are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Court stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id*. at 486-87 (footnote omitted). *Heck* also bars claims for declaratory or injunctive relief if a favorable judgment would "necessarily imply" the invalidity of the prisoner's conviction. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Morris claims his state conviction, as well as the search and seizure of his property, were unlawful because § 21.11 is preempted by federal law. These claims necessarily imply the invalidity of his conviction. He has not alleged, however, that his state conviction has been reversed or otherwise declared invalid. The Court should therefore dismiss these claims with prejudice until Morris can show he satisfies the conditions set forth in *Heck. See Johnson v. McElveen*, 101 F.3d 423,

4

424 (5th Cir. 1996) (per curiam) (stating dismissal should be with prejudice until *Heck* conditions are met).

### C. Production of Child Pornography under 18 U.S.C. § 2251(a)

Morris also argues 18 U.S.C. § 2251(a) is invalid under the Commerce Clause and is therefore unconstitutional. He alleges that FBI agents lacked jurisdiction to investigate him for production of child pornography, and that § 2251(a) does not prohibit the production of child pornography. Morris asks the Court to nullify all actions against him under § 2251(a), enjoin Defendants from enforcing § 2251(a) against him, and award him money damages. Further, although the government dismissed the § 2251(a) charge against him after he pleaded guilty to enticement of a minor in violation of 18 U.S.C. § 2422(b), Morris argues the federal Defendants harassed him by charging him under § 2251(a), and that Defendants could later decide to charge him again under § 2251(a).

Section 2251(a) is not unconstitutional under the Commerce Clause. *See United States v. Bailey*, 924 F.3d 1289, 1290 (5th Cir. 2019) (per curiam) ("We have held that the Commerce Clause authorizes Congress to prohibit local, intrastate production of child pornography where the materials used in the production were moved in interstate commerce.") (citations omitted)); *United States v. Kallestad*, 263 F.3d 225, 231 ("Congress can reach [defendant's] pornography because it legitimately seeks to eliminate the interstate market for child pornography" under the Commerce Clause). And Morris's claim that § 2251(a) does not prohibit the production of child pornography is frivolous. *See*

5

*United States v. Rivers*, 598 F. App'x 291 (5th Cir. 2015) (affirming defendant's conviction, stating "[w]e have held that the Commerce Clause authorizes Congress to prohibit local, intrastate possession and production of child pornography"). Morris's claims regarding 18 U.S.C. § 2251(a) should therefore be dismissed.

IV.

Morris's claims against the Kaufman County Defendants should be DISMISSED with prejudice until the *Heck v. Humphrey* conditions are met, and his remaining claims should be DISMISSED under 28 U.S.C. § 1915A.

Signed August 3, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).